

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARROW HAYGOOD,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>MIKE KNOWLES, Warden<br><br>　　　　　　　　　　　Respondent. | Civil No.　08-0374 JAH (BLM)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

|   |   |
|---|---|
| 1 | The warden is the typical respondent.  However, "the rules following section 2254 do not |
| 2 | specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the |

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Mike Knowles," as Respondent. Additionally, Gerry Brown, the Attorney General of the State of California, is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a respondent in this action.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982

F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO USE PROPER FORM**

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form. The correct forms are available free of charge from the clerk of the court and available upon request.

## **CONCLUSION AND ORDER**

In light of the above, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to (1) pay the $5 filing fee or move to proceed in forma pauperis, (2) name a proper respondent, and (3) submit an application for writ of habeas corpus on a court-approved form.

**If Petitioner wishes to proceed with this case, Petitioner must file a First Amended Petition, along with a copy of this Order AND the $5.00 filing fee or adequate proof of his inability to pay the fee, no later than April 29, 2008.**

**The Clerk of Court is directed to send a blank Southern District of California First Amended Petition form, and an In Forma Pauperis Application to Petitioner along with a copy of this Order.**

**IT IS SO ORDERED.**

DATED: March 5, 2008

JOHN A. HOUSTON
United States District Judge