1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D. HAYGOOD, | ) | Case No. 08cv0374-JAH (BLM) |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION FOR ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS** |
| JAMES WALKER, Warden, | ) ) | [Doc. No. 13] |
| Respondent. | ) ) | |

This Report and Recommendation is submitted to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. Currently before the Court is a motion to stay federal proceedings while Petitioner Darrow Haygood, a state prisoner proceeding *pro se* and *in forma pauperis*, exhausts Claims 1, 2 and 6 of his First Amended Petition for Writ of Habeas Corpus ("FAP") in the California Supreme Court. Doc. No. 13 ("Mot. to Stay"). For the reasons discussed below, the Court recommends that Petitioner's request for a stay be **DENIED**.

///
///

Case 3:08-cv-00374-JAH-WVG   Document 20   Filed 01/26/09   PageID.224   Page 2 of 10

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 1, 2008, Petitioner filed the FAP currently before the Court, which alleges the following grounds for relief: (1) ineffective assistance of trial counsel for failing to object to the admissibility of a recorded interview, (2) ineffective assistance of trial counsel for failing to pursue an investigation into whether Petitioner had been Mirandized, (3) a due process violation based on insufficient evidence supporting the gang enhancement, (4) a due process violation for failure to bifurcate the gang enhancement charge, (5) a due process violation for admission of opinion testimony, and (6) insufficient evidence as to the robbery conviction relating to Paul Savage. Doc. No. 4. In its April 10, 2008 Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies ("Options Order"), this Court notified Petitioner that he had failed to allege exhaustion as to Claims 1, 2, 4 and 6 of the FAP. Doc. No. 7. In the same order, this Court informed Petitioner of four options he might elect to pursue in order to cure his failure to satisfy the exhaustion requirement. Id. Petitioner was directed to elect one of the options and file the appropriate briefing on or before May 13, 2008. Id. The Court warned Petitioner that failure to respond to the Court's Options Order would result in this Court recommending to the District Judge that the Petition be dismissed without prejudice. Id. at 4.

Petitioner did not respond in any manner to the Options Order so this Court recommended that the FAP be dismissed. Doc. No. 8. The Court afforded Petitioner an opportunity to file objections to the Report and Recommendation and Petitioner did so on June 26,

2008. Doc. No. 11. After considering this Court's recommendation and Petitioner's objections, the District Judge found that Claims 1, 2 and 6 remained unexhausted and again outlined for Petitioner that he had the option of dismissing the case while he returned to state court to exhaust these claims, formally abandoning the unexhausted claims, or filing a motion to stay federal proceedings while he returned to state court to exhaust Claims 1, 2 and 6. Doc. No. 12.

On November 3, 2008, Petitioner chose the third option and filed the motion to stay presently before the Court. Doc. No. 13. Respondent opposed the motion on December 3, 2008 [Doc. No. 15] and Petitioner filed a reply on December 22, 2008 [Doc. No. 18].

**DISCUSSION**

**A.      Legal Standard**

A federal court may not consider a petition for habeas corpus unless the petitioner first has presented his claims to the state courts, thereby "exhausting" them. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is founded on federal-state comity, as only when the state court has been presented with the claim may it "pass on and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (*per curiam*) (internal quotes and citations omitted).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). When a petition for habeas corpus contains both exhausted and unexhausted claims, the petitioner may return to state

1  court to exhaust the remaining claims.  See Rhines v. Weber, 544
2  U.S. 269, 274-75 (2005).  However, the AEDPA statute is not tolled
3  by the filing of a federal habeas petition, so a federal petitioner
4  seeking to return to state court to exhaust claims must do so and
5  subsequently re-present the newly-exhausted claims within the one-
6  year period.  See id.  This is not always possible, and in such
7  situations petitioners "run the risk of forever losing their
8  opportunity for any federal review of their unexhausted claims."
9  Id. at 275.

10      To permit petitioners to exhaust their claims without running
11  afoul of the statute of limitations, the Supreme Court determined
12  that petitioners may request a stay of their petition pending
13  resolution of the unexhausted claims in state court.  Id. at 276-
14  278.  However, "a stay-and-abeyance should be available only in
15  limited circumstances, and is appropriate only when the district
16  court determines that there was good cause for the failure to
17  exhaust."  Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)
18  (applying Rhines standard) (internal quotes and citations omitted).
19  In addition to "good cause," a petitioner must show that his
20  unexhausted claims are "potentially meritorious," and that there is
21  "no indication that the petitioner engaged in intentionally dilatory
22  litigation tactics."  Rhines, 544 U.S. at 278; Jackson, 425 F.3d at
23  661.  These safeguards are necessary to ensure that the stay and
24  abeyance procedure does not frustrate AEDPA's twin purposes of
25  reducing delays in the execution of state and federal criminal
26  sentences and of encouraging petitioners to fully exhaust their
27  claims before filing in federal court.  Jackson, 425 F.3d at 660.
28  ///

While the Supreme Court has not defined what constitutes "good cause" for failure to exhaust a claim, the Ninth Circuit has opined that good cause requires something less than a showing of "extraordinary circumstances." Jackson, 425 F.3d at 662. More recently, the Ninth Circuit provided further guidance in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008). In Wooten, the petitioner's attorney filed direct appeals in the state court of appeal and the California Supreme Court. Id. at 1022. Both appeals were denied. Id. Although petitioner was "under the impression" that his counsel presented all claims at both levels of appeal, one claim was, in fact, omitted from the state supreme court petition. Id.

On federal habeas review[1], the district court held that the omitted claim was not exhausted and the petition was, therefore, mixed. Id. at 1023. The court denied petitioner's motion to stay and abey the case while he returned to state court, holding that petitioner's failure to realize he had an unexhausted claim did not constitute good cause. Id. at 1022-23. The Ninth Circuit upheld the district court's decision, stating that:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-abeyance orders routine.
>
> ... Additionally, were we to endorse such a broad interpretation of "good cause" that allowed for routine stays of mixed petitions, we would also be undermining the goals of AEDPA. In authorizing stays of habeas petitions only in "limited circumstances," Rhines explicitly acknowledges AEDPA's dual purposes: to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by

---

[1] The petitioner was not represented by counsel during federal habeas proceedings.

> increasing a petitioner's incentive to exhaust all claims in state court. Stays, however, delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court. See [Rhines] at 277 ("Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes.")

Id. at 1024.

In declining to adopt a "broad interpretation" (id.) of good cause, the court moved away from the more liberal standards previously enunciated by some district courts, and re-emphasized that motions to stay only would be granted in "limited circumstances." Compare id. (good cause not found when petitioner mistakenly believed that his attorney exhausted all claims), and Riner v. Crawford, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006) (good cause may be found when a petitioner shows "he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case").

When a petitioner shows good cause for his failure to exhaust, presents potentially meritorious claims, and demonstrates that he has not engaged in dilatory litigation tactics, "it likely would be an abuse of discretion for a district court to deny a stay." Rhines, 544 U.S. at 278. "In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id.

**B.   Good Cause**

Petitioner's motion to stay is very brief and does not set forth any explanation of why he believes he had good cause for his failure to exhaust. See Mot. to Stay. Petitioner's subsequent filing, which the Court construes to be a reply brief, also does not

make a good cause argument. Doc. No. 18 (hereinafter "Pet'r Reply"). Instead, Petitioner argues that he did exhaust Claims 1, 2 and 6. <u>Id.</u> at 2. Petitioner attaches a portion of what he asserts is the petition for review his attorney filed in the California Supreme Court as evidence of this contention. <u>Id.</u>

As the District Judge explained in his October 15, 2008 Order Adopting in Part the Magistrate Judge's Report and Recommendation, Petitioner only presented Claims 1 and 2 to the California Court of Appeal, not the California Supreme Court. <u>See</u> Doc. No. 12. Nothing in the record before this Court or Petitioner's reply suggests otherwise and these claims, therefore, remain unexhausted.

In regard to Claim 6, Petitioner provided this Court with pages he claims are part of his petition for review by the California Supreme Court — a brief that had not previously been presented in these federal proceedings. Pet'r Reply, Ex. A at 10-11 (referring to page numbers listed at the bottom of the exhibit pages). These pages appear to contain the legal argument section of Petitioner's fifth claim before that court, which largely mirrors Claim 6 of Petitioner's FAP (Petitioner's claim of insufficiency of the evidence of the robbery conviction relating to Paul Savage). However, upon closer examination, the Court notes that the brief is dated March 16, 2005 (<u>see</u> <u>id.</u>, Ex. A at 11), which is three months before the very same brief states that the Court of Appeal issued an order affirming Petitioner's conviction (<u>see</u> <u>id.</u>, Ex. A at 1-2). A review of the docket for each of Petitioner's state court actions reveals that Petitioner filed his reply brief before the Court of Appeal on March 16, 2005, and that Petitioner's petition for review

1  by the California Supreme Court was not filed until July 29, 2005.[2]
2  In view of these dates, it is likely that the first few pages of the
3  briefing Petitioner presented to this Court came from his petition
4  for review by the California Supreme Court, while the latter pages
5  were part of his reply brief to the California Court of Appeal.[3]  As
6  such, this Court does not have evidence before it conclusively
7  demonstrating that Petitioner exhausted Claim 6 in the California
8  Supreme Court.

9  Regardless, even presuming Petitioner presented the
10 California Supreme Court with the same argument set forth in his
11 March 16, 2005 reply brief, Petitioner still fails to satisfy the
12 exhaustion requirement.  The claim presented to the state court
13 regarding insufficiency of the evidence of the robbery conviction
14 relating to Paul Savage does not allege any Constitutional grounds
15 for relief, nor does it cite to any federal law.  See Pet'r Reply,
16 Ex. A at 10-11.  Exhaustion of a habeas petitioner's federal claims
17 requires that they have been "fairly presented" in each appropriate
18 state court, including a state supreme court with powers of
19 discretionary review, and that the petitioner "alert[] [the state]
20 court to the federal nature of the claim."  Baldwin v. Reese, 541
21 U.S. 27, 29 (2004).  Because Petitioner failed to alert the

---

[2] The dockets of Petitioner's state cases (Case Numbers D043134 and S136036) may be found on the California Appellate Courts State Information Website, located at http://appellatecases.courtinfo.ca.gov (last visited January 20, 2009).

[3] The fact that the latter pages use the phrase "[a]s noted in the opening brief, this Court previously held in the appeal of co-defendant George..." supports the conclusion that these pages were taken from Petitioner's reply brief before the California Court of Appeal. See Pet'r Reply, Ex. A at 10.

California Supreme Court to the federal nature of his claim[4], this Court finds that Claim 6 also remains unexhausted.

### C.   Merit of Claims and Diligence

In addition to failing to offer any good cause for his failure to exhaust Claims 1, 2 and 6, Petitioner presents no argument or evidence suggesting that these unexhausted claims are "potentially meritorious." Rhines, 544 U.S. at 278; Jackson, 425 F.3d at 661. Further, there is some indication that Petitioner has been dilatory in pursuing exhaustion. Rhines dictates that before a stay may be granted, the petitioner must satisfy the good cause and merit elements and there must be "no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. As Respondent highlights in this case, Petitioner has been aware of the factual basis underlying Claims 1 and 2 for some time because he presented them to the California Court of Appeal in a petition for writ of habeas corpus. See Resp't Opp'n at 3; Doc. No. 11, Ex. A (Petitioner's objections to this Court's report and recommendation attaching the Court of Appeal's January 22, 2007 denial of his habeas petition). Petitioner offers no explanation for why he did not subsequently present these claims to the California Supreme Court in order to exhaust them. Likewise, evidence relating to Claim 6 was available in the appellate record yet, as discussed above, Petitioner did not present a federal basis for this claim to the California Supreme Court. As such, the Court finds that Petitioner's failure to pursue exhaustion of federal claims premised on these arguments in the California Supreme Court

---

[4] Notably, it appears Petitioner also failed to allege any federal basis for habeas relief in Claim 6 of his FAP.

demonstrates that Petitioner has been dilatory in pursuing his rights.

### CONCLUSION

In sum, this Court finds that Petitioner has not demonstrated the requisite good cause to justify staying his FAC while he returns to state court to exhaust Claims 1, 2 and 6, nor has he presented any evidence suggesting that these claims are potentially meritorious. For these reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) denying Petitioner's motion to stay.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than February 17, 2009.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than March 3, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: January 26, 2009

BARBARA L. MAJOR
United States Magistrate Judge

Case 3:08-cv-00374-JAH-WVG   Document 20   Filed 01/26/09   PageID.232   Page 10 of 10

demonstrates that Petitioner has been dilatory in pursuing his rights.

### CONCLUSION

In sum, this Court finds that Petitioner has not demonstrated the requisite good cause to justify staying his FAC while he returns to state court to exhaust Claims 1, 2 and 6, nor has he presented any evidence suggesting that these claims are potentially meritorious. For these reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, and (2) denying Petitioner's motion to stay.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than February 17, 2009.** The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than March 3, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: January 26, 2009

BARBARA L. MAJOR
United States Magistrate Judge