UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| D. HAYGOOD, | ) | Civil No. 08cv0374 JAH (BLM) |
| Petitioner, | ) ) | ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DOC. # 20]; OVERRULING PETITIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE [DOC.# 18]; AND ADVISING PETITIONER OF HIS OPTIONS FOR FURTHER PROCEEDINGS IN THIS CASE |
| v. | ) ) ) | |
| JAMES WALKER, Warden, | ) ) | |
| Respondent. | ) ) ) ) ) ) ) ) ) | |

## BACKGROUND

On April 1, 2008, Petitioner, a state prisoner appearing *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction and sentence. In his petition, Petitioner alleges the following grounds for relief: (1) ineffective assistance of trial counsel for failing to object to the admissibility of a recorded interview; (2) ineffective assistance of trial counsel for failing to pursue an investigation into whether Petitioner had been provided and waived his <u>Miranda</u> rights; (3) violation of due process based on insufficient evidence supporting the gang enhancement charge; (4) violation of due process for failure to bifurcate the gang enhancement charge; (5) violation of due process for admission of opinion testimony; and

(6) insufficient evidence as to the robbery conviction relating to Paul Savage. On April 10, 2008, the Honorable Barbara L. Major, United States Magistrate Judge, issued an order advising Petitioner that the petition appeared to contain unexhausted claims, giving him until May 13, 2008 to choose one of four options.

Petitioner failed to respond to the magistrate judge's order. The magistrate judge then submitted a report and recommendation to this Court, recommending that the petition be dismissed without prejudice as unexhausted. On June 26, 2008, Petitioner filed objections to the magistrate judge's report. After reviewing the magistrate judge's report, this Court found that Claims 1, 2 and 6 were unexhausted, and gave Petitioner the options of abandoning the unexhausted claims, voluntarily dismissing the petition in order to return to state court, or filing a motion seeking a stay of federal proceedings that would allow him to return to state court in order to exhaust his unexhausted claims.

On November 3, 2008, Petitioner chose to file a motion requesting a stay of the instant petition. After the motion was fully briefed by the parties, the magistrate judge, on January 26, 2009, issued a report recommending Petitioner's motion to stay be denied and Petitioner be directed to choose between the remaining options for further proceedings in this case. Petitioner filed objections to that report on February 18, 2009.

## DISCUSSION

### 1. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, Section 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

//

## 2.     Analysis

In his motion, Petitioner requests that the Court grant a stay of the instant petition so that he may exhaust his unexhausted claims before the state court. After a careful review of the pleadings and the relevant exhibits submitted by both parties, the magistrate judge recommended that this Court deny Petitioner's motion to stay because, despite Petitioner's assertions to the contrary, nothing in the record suggested that the unexhausted claims were ever presented to the California Supreme Court. Furthermore, Petitioner had neglected to make a good cause showing as to why he failed to exhaust his claims in state court.

As explained by the magistrate judge in the report, the exhaustion of state remedies is a prerequisite to a federal court's consideration of claims presented in a habeas corpus proceeding. Rhines v. Weber, 544 U.S. 269, 273 (2005). A habeas petition that contains cognizable exhausted and unexhausted claims, like the petition at issue, is called a "mixed petition." Id. at 271. A petitioner who files a mixed petition has four options: (1) demonstrate exhaustion; (2) voluntarily dismiss the petition and return to state court to exhaust the unexhausted claim(s); (3) formally abandon the unexhausted claim(s) and proceed solely with the exhausted claim(s); or (4) file a motion to stay federal proceedings while returning to state court to exhaust the unexhausted claim(s). See Rose v. Lundy, 455 U.S. 510, 520-21 (1982) (superseded by statute on other grounds in 28 U.S.C. § 2254 (c)); Rhines, 544 U.S. 277-78.  In Rhines, the Supreme Court held that a district court may stay a "mixed petition" in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review, as a result of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Id. at 273-75; 28 U.S.C. § 2244(d). Further, the Rhines court stated that it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at

277, see Wooten v. Kirkland 504 F.3d 1019, 1022 (9th Cir. 2008). In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See Rose, 455 U.S. at 522. However, if a plaintiff fails to demonstrate good cause, the court need not address the remaining two factors of Rhines. See Wooten, 504 F.3d at 1023. If a stay is not appropriate, the well-established rule that the district court is not to retain jurisdiction over mixed petitions applies. Id. at 1026.

After a review of the record, the magistrate judge determined the evidence presented by Petitioner in support of his claim that he had, in fact, exhausted Claims 1, 2 and 6, failed to demonstrate the claims had been presented to the California Supreme Court as Petitioner asserts. Doc. # 20 at 7. Petitioner objects to this finding, claiming, as he previously claimed in opposition to Respondent's motion, that he had presented his unexhausted claims to the California Supreme Court. Doc. # 18 at 1-2. This Court's *de novo* review of the record reveals the magistrate judge correctly found the claims had not been presented to the state's highest court. Therefore, this Court agrees with the analysis provided by the magistrate judge and overrules Petitioner's objection.

The magistrate judge also found that Petitioner failed to demonstrate "good cause" as to why he did not exhaust all of his claims. Doc. # 20 at 6-7 (citing*, inter alia*, Wooten v. Kirkland, 540 F.3d 1019). In Wooten, the habeas petition contained a claim that, unbeknownst to the petitioner, his counsel had omitted from the state supreme court petition. 540 F.3d at 1022. The district court denied habeas review of the omitted claim due to petitioner's failure to exhaust and also denied petitioner's request for a stay to exhaust that claim. Although petitioner argued on appeal that he believed the omitted claim had been fully exhausted, the Ninth Circuit found that petitioner's belief was insufficient to demonstrate good cause under Rhines and affirmed the district court's denial of a stay. Id. at 1023.

Petitioner does not object to the magistrate judge's lack of good cause finding. As such, this Court may adopt the magistrate judge's findings and conclusions provided they are not clearly erroneous. Thomas, 474 U.S. at 153. This Court's *de novo* review of the

record along with the case authority cited reveals that the magistrate judge presented a cogent analysis of this issue. The facts of the instant case are analogous to the facts in <u>Wooten</u>, cited by the magistrate judge. <u>See</u> Doc. # 20 at 6-7. In this case, Petitioner apparently believed that he had presented Claims, 1, 2 and 6 to the California Supreme Court, but that mistaken belief does not satisfy the <u>Rhines</u> good cause standard. *See* <u>Rhines</u>, 544 U.S. at 270. Therefore, this Court adopts the magistrate judge's findings and conclusions in regards to good cause. Accordingly, this Court agrees with the magistrate judge's ultimate determination that Petitioner's request for a stay must be DENIED. Absent a stay, this Court is still faced with a mixed petition, thus Petitioner must now decide how he wishes to proceed further with his case.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The findings and conclusions of the magistrate judge presented in the report and recommendation [doc. # 20] are **ADOPTED** in their entirety;

2. Petitioner's objections to the magistrate judge's report and recommendation are **OVERRULED**;

3. Petitioner's motion for stay and abeyance of the instant petition [doc. # 18] is **DENIED**;

4. Petitioner is directed to choose one of the following options for further proceedings in this case:

**Option 1**: <u>Dismiss case in order to exhaust state remedies</u>

Petitioner may move to dismiss the present action in order to exhaust all grounds raised in his federal petition. To do so, Petitioner should file a pleading, **no later than October 30, 2009**, entitled, "Motion to Dismiss Habeas Petition in Order to Exhaust State Court Remedies." Before or after filing such a motion, Petitioner may present the federal issues framed in the petition to the California courts. If relief is denied, Petitioner may file a new petition with this Court containing only issues that have been fully exhausted. <u>Rose</u>, 455 U.S. at 520-21.

<u>Consequences of selecting Option 1</u>: If Petitioner elects to dismiss this case by filing a "Motion to Dismiss Habeas Petition in Order to Exhaust State Court Remedies," this Court will dismiss the present action without prejudice to Petitioner's refiling, in the future, a petition which contains only exhausted issues. See <u>Stewart v. Martinez-Villareal</u>, 523 U.S. 637, 644-45 (1998); <u>In re Turner</u>, 101 F.3d 1323 (9th Cir. 1997). However, the Court cautions Petitioner that all his claims may be barred by the statute of limitations if he chooses this option.

**Option 2**: <u>Formally abandon unexhausted claims</u>

Petitioner may proceed with his exhausted claims by formally abandoning all his unexhausted claims. If Petitioner chooses Option 2, he must file and serve, **no later than October 30, 2009**, a pleading entitled "Formal Declaration of Abandonment of Unexhausted Claims." The declaration must state that Petitioner voluntarily, knowingly and intelligently agrees to abandon his unexhausted claims.

<u>Consequences of selecting Option 2</u>: If Petitioner timely files and serves a "Formal Declaration of Abandonment of Unexhausted Claims," the Court will address Petitioner's exhausted claims, but Petitioner may be barred from ever raising the unexhausted claim in any federal court. If Petitioner abandons his unexhausted claims and the Court proceeds to issue a decision addressing the merits of the exhausted claims, any later filed habeas corpus petition brought under 28 U.S.C. § 2254 will be considered "second" or "successive." See <u>Rose</u>, 455 U.S. at 521; <u>Slack v. McDaniel</u>, 529 U.S. 473, 488 (2000)(stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petitions successive). Petitioner will be required to obtain authorization from the court of appeals to file a second or successive petition in this Court. 28 U.S.C. § 2244(b)(3). Such authorization requires Petitioner to make a *prima facie* showing to the court of appeals that he has satisfied the requirements of § 2244(b)(2). Even if Petitioner receives permission from the court of appeals to file the second or successive petition, this Court must still determine if the petition does in fact satisfy

the requirements for filing a second or successive petition under § 2244(b)(2).

5.     If Petitioner fails to choose one of these options **by October 30, 2009**, this Court will dismiss the petition without prejudice.[1] See Rose, 455 U.S. at 522.

DATED:     September 24, 2009

*[signature]*

JOHN A. HOUSTON
United States District Judge

---

[1] Although the dismissal is "without prejudice," Petitioner is cautioned that any later federal petition may be barred by the statute of limitations. See 28 § U.S.C. 2244(d)(1)-(2).