UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARROW HAYGOOD,<br><br>  Petitioner,<br>v.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation, et al.,<br><br>  Respondents. | Civil No. 3:08-cv-374-JAH (WVG)<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Darrow Haygood ("Petitioner") is a California state prisoner proceeding pro se with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Honorable William V. Gallo, United States Magistrate Judge, has issued a report and recommendation recommending that this Court deny the first amended petition in its entirety. After careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report, and **DENIES** the petition for writ of habeas corpus.

## BACKGROUND

In San Diego County Superior Court case number SCE229595, a jury found Petitioner guilty of two counts of robbery (California Penal Code § 211), and found true

allegations that the robberies were committed while acting in concert with two or more other persons and that the offense was committed in an inhabited dwelling house [Cal. Penal Code § 213(a)(1)(A)], that Petitioner personally used a firearm [Cal. Penal Code § 12022.53(b)], and that the robberies were committed for the benefit of a criminal street gang [Cal Penal Code § 186.22(b)(1)]. (Respondent's Lodgment No. 1 at 139-40, 220-222.)  The trial court sentenced Petitioner to a term of twenty-six years in state prison. (Respondent's Lodgment No. 1 at 226-227.)

Petitioner appealed his convictions to the California Court of Appeal. (Respondent's Lodgment Nos. 3, 4, 5.)  On June 22, 2005, the Court of Appeal affirmed the judgment in an unpublished opinion.  (Respondent's Lodgment No. 6.)

Petitioner filed a petition for review in the California Supreme Court. (Respondent's Lodgment No. 7.)  On September 28, 2005, the California Supreme Court denied the petition for review without comment.  (Respondent's Lodgment No. 8.)

On September 26, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal.  (Respondent's Lodgment No. 9.)  On August 28, 2007, the Court of Appeal denied the petition.  (Respondent's Lodgment No. 10.)

On August 28, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Respondent's Lodgment No. 11.)  On February 13, 2008, the California Supreme Court denied the petition.  (Respondent's Lodgment No. 12.)

On February 27, 2008, Petitioner filed a petition for writ of habeas corpus in this Court.  (Dkt. No. 1.)  On March 5, 2008, this Court dismissed the petition without prejudice.  (Dkt. No. 3.)

On April 1, 2008, Petitioner filed a first amended petition for writ of habeas corpus in this Court.  (Dkt. No. 4.)  On May 22, 2008, the Honorable Barbara Lynn Major, United States Magistrate Judge, issued a report and recommendation ("the First Report"), recommending that the first amended petition be dismissed without prejudice based on Petitioner's failure to exhaust his Claims 1, 2, 4, and 6 in state court.  (Dkt. No. 8.)  On October 15, 2008, this Court adopted in part the First Report, finding the first amended

petition unexhausted as to Claims 1, 2, and 6 and ordering a further response from Petitioner. (Dkt. No. 12.)

On November 3, 2008, Petitioner filed a motion to stay the proceedings in this Court to allow him to return to state court to exhaust Claims 1, 2, and 6. (Dkt. No. 13.) On January 26, 2009, Judge Major issued a report and recommendation ("the Second Report"), recommending that the motion to stay be denied. (Dkt. No. 20.) On September 25, 2009, this Court issued an order adopting the Second Report and denying the motion to stay. (Dkt. No. 25.)

On October 5, 2009, Petitioner formally abandoned his unexhausted Claims 1, 2, and 6. (Dkt. No. 26.) On October 15, 2009, Judge Major ordered a response to the first amended petition. (Dkt. No. 27.) On February 9, 2010, Respondent filed an answer to the first amended petition. (Dkt. No. 35.) On March 10, 2010, Petitioner filed a traverse to Respondent's answer. (Dkt. No. 36.)

On July 23, 2010, Judge Gallo issued a report and recommendation ("the Third Report"), recommending that the first amended petition be denied in its entirety.[1] (Dkt. No. 37.) On August 10, 2010, Petitioner filed objections to the Third Report. (Dkt. No. 38.) Respondent has not filed a reply to Petitioner's objections.

## DISCUSSION

I.  **Legal Standard**

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See

---

[1] This Court notes that this case was transferred from Judge Major to Judge Gallo on October 21, 2009. (Dkt. No. 28.)

Fed. R. Civ. P. 72(b). It is well settled under Rule 72(b) that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

## II.     Analysis

This Court received Petitioner's objections to the Report and conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties. Following Petitioner's formal declaration of abandonment of unexhausted claims, three claims remain: (1) his due process rights were violated based on insufficient evidence supporting the gang enhancement allegation; (2) his due process rights were violated for failure to bifurcate the gang enhancement allegation; and (3) his due process rights were violated when the state trial court admitted lay opinion testimony as to Petitioner's veracity. (See Dkt. No. 26.) In a thirty-three page document, the magistrate judge thoroughly addressed each of Petitioner's claims and recommended that each be denied in its entirety.

Petitioner's objections to the magistrate judge's Third Report are general in nature in that they fail to specify any particular finding of fact or conclusion of law in the Third Report to which Petitioner objects. Petitioner's objections may be summarized as a reiteration of the contentions he made in his first amended petition and in his traverse. In sum, Petitioner does not specifically address any finding of fact or conclusion of law in the Third Report.

///
///
///
///
///
///
///
///

1   This Court finds that the findings of fact contained in the Third Report are supported by the record in this case.  This Court further finds that the Third Report sets forth a cogent legal analysis of the issues presented in the petition, answer, and traverse, such that this Court finds the Third Report is not clearly erroneous.  As such, this Court agrees with the magistrate judge's analysis in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections are **OVERRULED** in their entirety;
2. The Third Report is **ADOPTED** in full;
3. The instant petition is **DENIED** in its entirety; and
4. The Clerk of Court shall enter judgment accordingly.

Dated:  September 8, 2011

JOHN A. HOUSTON
United States District Judge